```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                    Case No. 08-61984-Civ-SNOW
```

VITAL PHARMACEUTICALS, INC.,

    Plaintiff,

    v.

PINNACLE DISTRIBUTING, LLC,
GREGORY B. MEARES and
CHRIS HEARES,

    Defendants.
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff, Vital Pharmaceuticals, Inc.'s Motion for Partial Summary Judgment (Docket Entry 34). The parties consented to have their cause decided by a magistrate judge pursuant to 28 U.S.C. § 636(c), and the case was referred to the undersigned.

### I. PROCEDURAL HISTORY

The eight count complaint, Case No. 08-61984-Civ-DIMITROULEAS, was filed December 12, 2008, alleging breach of contract. The contract and related documents are attached to the complaint. (DE 1) Pinnacle Distributing, LLC, filed a Suggestion of Bankruptcy, and the case was stayed as to that defendant.[1] (DE 7, 8) On February 20, 2009, the plaintiff filed a motion for entry of a default and for a default judgment against the individual

---

[1] Pinnacle was the sole defendant in Counts I, II, III, IV and V.

defendants. (DE 11) The Clerk of the Court entered a default as to Gregory B. Meares and Chris Meares. (DE 12) The Court ordered the defendants to show cause why the motion for default judgment should not be granted. (DE 13)

The defendants, pro se, each responded with a letter, which the Court deemed to be their answers to the complaint. (DE 14 and 17)  The motion for a default judgment was denied. (DE 16). The parties filed a Joint Scheduling Report on May 19, 2009, with a proposed trial date of October 12, 2009. (DE 21) The Court entered a Scheduling Order which set the trial for October 26, 2009. (DE 23)

On June 22, 2009, the parties consented to have their cause decided by a magistrate judge, and the case was referred to the undersigned. (DE 27) Shortly thereafter the parties engaged in mediation, which resulted in an impasse. (DE 28) The undersigned held a scheduling conference, which was attended by counsel for the plaintiff. A new scheduling order was entered, setting the trial for October 27, 2009.

On August 21, 2009, the plaintiff filed a motion for voluntary dismissal of the Count VI claim of fraudulent misrepresentation against Gregory B. Meares (DE 33), and filed the instant motion for partial summary judgment. The plaintiff seeks summary judgment on the Count VII claim of Breach of Contract against Gregory B. Meares and the Count VIII claim of Breach of

2

Contract against Chris Meares.  The plaintiff has provided the affidavit of John H. Owoc (hereinafter "Owoc Aff."), the CEO and President of Vital Pharmaceuticals, Inc., and the affidavit of Vera Owoc (hereinafter "Vera Aff."), the Controller and Human Resource Manager of Vital Pharmaceuticals, Inc.  The motion also refers to the exhibits attached to the complaint and to the letters from the individual defendants (hereinafter "Ltr. 1" [Gregory B. Meares' letter] and "Ltr. 2" [Chris Meares' letter]), which the Court previously deemed to be their answers to the complaint.

The Court ordered the defendants to show cause why the motion for partial summary judgment should not be granted.  (DE 38) The defendants did not respond.

## II. SUMMARY JUDGMENT

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986). The evidence must be viewed in the light most favorable to the non-moving party.  Everett v. Napper, 833 F.2d 1507, 1510 (11th Cir. 1987).

In opposition to a motion for summary judgment, a party must produce more than a scintilla of evidence on his behalf; he

must produce sufficient evidence upon which a reasonable jury could find for him.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512 (1986); <u>Hudgens v. Bell Helicopters/Textron</u>, 328 F.3d 1329, 1344-45 (11th Cir. 2003).

<u>A. FINDINGS OF FACT</u>

1.      Vital Pharmaceuticals, Inc. (hereinafter "VPX") is a corporation organized and existing under the laws of Florida, with its principal place of business in Broward County Florida.  VPX provides nutritional supplements, including two Redline® products: Redline® energy drink and Redline Power Rush® energy shot.

2.      Pinnacle Distributing, LLC, was a distributor of beverages in and around Atlanta, Georgia. (Ltr. 1 p. 1; Ltr. 2 p.1) Its President, Gregory B. Meares, met with John H. Owoc, CEO and President of VPX, in November 2007 to discuss having Pinnacle distribute the Redline® products.  (Ltr. 1, p. 1; Ltr. 2, p. 1; Owoc Aff. ¶ 6) Based on Gregory B. Meares's representation that Pinnacle had 20 trucks available to distribute the product, VPX began using Pinnacle as a distributor in and around Atlanta, Georgia, in December 2007. (Ltr. 1, p. 2; Ltr 2, p. 2; Owoc Aff. ¶¶ 8 and 9)

3.      From December 2007 through May 2007, Pinnacle placed orders with VPX, who delivered the ordered products and sent invoices to Pinnacle.  Each invoice included a venue provision in favor of Broward County, Florida, and a provision entitling the

4

prevailing party to recover its reasonable attorney's fees in the event of a dispute involving the transaction. (Complaint, Exh. A; Vera Aff. ¶ 5)

4.    During the course of the business relationship between VPX and Pinnacle, VPX learned that Pinnacle had only a few trucks available to distribute VPX's products. VPX urged Pinnacle to increase the number of trucks distributing VPX products. (Owoc Aff. ¶ 12; Ltr. 1, p. 2; Ltr. 2, p. 2) Pinnacle failed to do so. (Owoc Aff. ¶ 13) VPX CEO Owoc states that as a result, VPX's products were not properly serviced and VPX lost customers and goodwill. (Owoc Aff. ¶ 15)

5.    Pinnacle sought to order additional inventory to build a customer base. (Ltr. 1, p. 2; Ltr. 2, p.2; Vera Aff. ¶ 6) VPX would agree to larger orders only if Gregory B. Meares and Chris Meares signed personal guaranties for the then-outstanding balance owed and any new balances owed for future orders. (Vera Aff. ¶ 6)

5.    On March 28, 2008, Gregory B. Meares and Chris Meares, his son, both signed a form entitled "Individual Personal Guarantee" applicable to all sales from VPX. (Complaint, Exh. C; Ltr. 2, p. 3)

6.    The Individual Personal Guarantee provides that it

> is intended to be, and shall be construed to be, a Continuing Personal Guarantee applying to all sales made by "seller", Vital Pharmaceuticals, Inc. d/b/a VPX Redline, to "Purchaser", Pinnacle Distributing - Greg Mears . . ..

5

>       If the guaranteed indebtedness is not paid by me when due, and this guarantee is placed in the hands of an attorney for collection, or suit brought hereon, or it is enforced through any judicial proceeding whatsoever, I shall pay all reasonable attorney fees and court costs incurred by Seller.  Florida law shall govern all issues related to the enforcement, interpretation, validity and the effect of this Guarantee, without regard to conflicts of law.

Complaint, Exh. C)

7.      After May 2008, Pinnacle ordered products, which VPX delivered. (Vera Aff. ¶ 8) Pinnacle took delivery of the products, and did not return, object to, or reject them. (Vera Aff. ¶ 9) However, Pinnacle failed to pay the corresponding invoices submitted by VPX. (Vera Aff. ¶ 8)

8.      The balance due and owing from Pinnacle to VPX is $152,178.43. (DE 1, Exh. B; Vera Aff. ¶ 10). Pinnacle failed to pay that balance. (Vera Aff. ¶ 10) Neither Gregory B. Meares nor Chris Meares has paid the monies owed to VPX, as required by their personal guarantees. (Vera Aff. ¶ 10)

B.   CONCLUSIONS OF LAW

1.      The Individual Personal Guarantee is a written contract between the parties, constituting an offer, acceptance, consideration, and specific terms. <u>Vega v. T-Mobile USA, Inc.</u>, 564 F.3d 1256, 1272 (11th Cir. 2009); <u>Ashby v. Ashby</u>, 651 So.2d 246, 247 (Fla. 4th DCA 1995).

2. Under Florida law, a claim of breach of contract "requires the plaintiff to plead and establish: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." Vega, 564 F.3d at 1272, citing Friedman v. N.Y. Life Ins. Co., 985 So.2d 56, 58 (Fla. 4th DCA 2008).

3. The plaintiff has met this burden by providing unopposed evidence which establishes each of the elements of breach of contract. Celotex, 477 U.S. at 322, 106 S.Ct. at 2552. Accordingly the Court will grant the plaintiff's motion for summary judgment. It is hereby

ORDERED AND ADJUDGED that Plaintiff, Vital Pharmaceuticals, Inc.'s Motion for Partial Summary Judgment (Docket Entry 34) is GRANTED. The plaintiff shall submit a proposed order of final judgment on or before October 8, 2009.

DONE AND ORDERED at Fort Lauderdale, Florida, this 2nd day of October, 2009.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

Erica Stump. Esq. (P)
Michael J. Weber, esq. (P)
Shawn Louis Michaelson, Esq. (P)
Mr. Gregory B. Meares, pro se (D)
Mr. Chris Meares, pro se (D)